OAK DOWNS, INCORPORATED, ET AL. V. ROBERT L. HURT, CRIMINAL DISTRICT ATTORNEY.

No. 6969.   Decided October 28, 1936.
(97 S. W., 2d Series, 673.)

*Currie McCutcheon* and *Vaughn & Work,* all of Dallas, for plaintiff in error.

*Robert L. Hurt* and *W. F. Clark,* both of Dallas, for defendant in error.

Mr. Judge GERMAN, of the Commission of Appeals, delivered the opinion for the court.

In this case, Oak Downs, Inc., and others, engaged in operating dog races, were granted a temporary injunction against Robert L. Hurt, Criminal District Attorney of Dallas County, restraining him as follows:

"From in any manner interfering with the operation of dog races beginning June 18, 1935, excluding Sundays, to run for 40 days, to be held on a tract of land lying West of Love Field, as more fully described in deed recorded in Vol. 1497 page 315, Deed Records of Dallas County, Texas, from interfering with the business, meet, exhibition and the betting by the pari mutuel or certificate system and from filing against these plaintiffs, their agents, servants or employes of those associated with them in the said project or business or exhibition or meet, provided that this injunction shall not prevent any investigation by the Dallas County Grand Jury or any violations of law that may occur during said race said meet, and said District Attorney may present evidence before said Grand Jury and prose-

cute any and all cases in which indictments may be returned, until further order of the District Court."

On appeal to the Court of Civil Appeals at Dallas the cause was reversed and the injunction dissolved. 85 S. W. (2d) 294.

Although writ of error was granted by this Court, nevertheless the writ granted by the trial court became abrogated by the judgment of the Court of Civil Appeals. There is no necessity shown at this time for an injunction, and in the light of decisions this day rendered in other cases involving dog racing and betting on dog races, it is evidence that no necessity can arise in which an injunction against the district attorney would be appropriate.

Without in any manner approving the action of either the trial court or of the Court of Civil Appeals, we hold that the case is moot, and for that reason is hereby dismissed.

Opinion adopted by the Supreme Court October 28, 1936.